JOSHUA B. WOOD v. FLORENCE GARNETTE.— Motion denied, with ten dollars costs, and stay vacated. Present — Clarke, P. J., Dowling, Merrell, Finch and McAvoy, JJ.

In the Matter of the Application of HERMANN R. HABICHT and Another, re KALMAN KINSLER, etc.— Motion granted on condition stated in order. Present — Clarke, P. J., Dowling, Merrell, Finch and McAvoy, JJ.

CATHERINE LIMATO v. WALTER C. CRAMP.— Motion granted. Present — Clarke, P. J., Dowling, Merrell, Finch and McAvoy, JJ.

HYMAN GALLIN v. POLO GROUNDS ATHLETIC CLUB, a New York Corporation.— Application denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Merrell, Finch and McAvoy, JJ.

## SECOND DEPARTMENT, JULY, 1926.

In the Matter of the Application of JOSEPH KAMINER for Admission to the Bar. (From the State of Minnesota.) — Application granted. Present — Kelly, P. J., Jaycox, Young and Lazansky, JJ.

In the Matter of the Application of HENRY A. LINN for Admission to the Bar. (From the District of Columbia.) — Application granted. Present — Kelly, P. J., Jaycox, Young and Lazansky, JJ.

In the Matter of the Application of WILLIAM J. McEVOY for Admission to the Bar. (From the State of Connecticut.) — Application granted. Present — Kelly, P. J., Jaycox, Young and Lazansky, JJ.

In the Matter of the Application of EDWIN WILLIAM PURDY for Admission to the Bar. (From State of Connecticut.) — Application granted. Present — Kelly, P. J., Jaycox, Young and Lazansky, JJ.

In the Matter of the Application of FRANK T. WINSLOW for Admission to the Bar. (From the State of Illinois.) — Application granted. Present — Kelly, P. J., Jaycox, Young and Lazansky, JJ.

## THIRD DEPARTMENT, JULY, 1926.

In the Matter of the Claim of GEORGE DUFFIELD, Respondent, v. QUOGUE FIELD CLUB, INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — average weekly wage — profits from sales involving employment of capital or credit cannot be considered — error to exclude evidence as to whether contract of employment was oral or written.*

Appeal from an award of the State Industrial Board, made on the 18th day of December, 1925.

PER CURIAM. The profits of claimant from the sale of supplies involving the employment of capital or credit should not be considered in determining his average weekly wage. The record does not clearly show that such determination has been reached independently of such profits and for that reason there must be a rehearing. It was also error to exclude testimony as to whether or not there was a written contract of employment between claimant and the employer. All concur. Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.